Argued January 8; affirmed May 20, 1930

## SHEPHERD *v.* ALLINGHAM

(288 P. 210)

*Robert G. Smith* of Portland (Frank E. Manning of Portland on the brief) for appellant.

*W. B. Shively* of Portland (Henry Bauer of Portland on the brief) for respondent.

BEAN. J. This is a suit by plaintiff, Olive M. Shepherd, who is the widow of William H. Shepherd, deceased, against William D. Allingham, the executor of the last will and testament of William H. Shepherd and the devisee in the will, to impress a trust in favor of plaintiff upon all the property decedent held at the time of his death. The complaint is based on an alleged

oral agreement on the part of the decedent that he would not make a will, but that at his death the plaintiff, if she should survive him, should receive as his widow all of his property if she should be his sole heir at law, if plaintiff would marry him and nurse and provide a home for him. Plaintiff alleges that she accepted said proposal and in reliance thereon fully performed her part of the contract.

Plaintiff intermarried with William H. Shepherd on February 9, 1922, after a courtship of four or five days. On June 25, 1923, Mr. Shepherd made a will, as plaintiff alleges, contrary to the contract. He devised his real estate to the defendant, his nephew. Mr. Shepherd died November 5, 1923. Mrs. Shepherd first contested the will of William H. Shepherd, deceased, on the grounds of undue influence, want of mental capacity and improper execution. A decree was rendered upholding the will. See *In re Shepherd's Will*, 121 Or. 619 (256 P. 1119).

It appears that Mr. Shepherd, the deceased, had been a bachelor until his sixty-fifth year, when he married the plaintiff. At the time of his death he left real property consisting of a ranch near Albany, of the appraised value of $13,505, and personal property consisting mainly of cash and notes of the appraised value of $6,871.40. By the terms of the will he devised the real estate to his nephew, and all of the remainder of his property he devised to the defendant in trust with power to convert the same into cash, out of which he was directed to pay the plaintiff, Mrs. Shepherd, $800 per year during her lifetime unless the trust fund was sooner exhausted. In the event of plaintiff's death or remarriage the unexpended balance of the trust fund was bequeathed to defendant.

■ To establish such an oral contract, as alleged by the plaintiff, requires a high degree of proof which must be clear, definite and certain. Such transactions are to be carefully scrutinized: *Sappingfield v. Sappingfield,* 67 Or. 156 (135 P. 333); *Brennen v. Derby,* 124 Or. 574 (265 P. 425); *Mathews v. Tobias,* 126 Or. 358 (268 P. 988).

■ The testimony in the case fails to prove the oral contract alleged in the complaint. The testimony of the plaintiff herself would not support a finding in her favor. She testified in part that "He said he would never make a will" because he had heirs that would make him trouble; that the promise that all of his property should descend to her did not make any difference in her desire to marry Mr. Shepherd; that she would have married him whether he promised her the property or not; that she naturally expected a little something for doing the work. She stated upon cross-examination in answer to the question:

"Q. You were to help him and he was to help you have a home? A. Yes, sir.

"Q. Just like any other husband and wife? A. Yes, sir.

"Q. And you say his promise to give you the property didn't influence you in any way? A. It did not."

Section 808, Or. L., is as follows:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law: * * * 4. An agreement made upon consideration of marriage, other than a mutual promise to marry."

The plaintiff claims that there had been a partial performance of the alleged oral agreement so as to take it out of the statute of frauds. The testimony discloses that the plaintiff and defendant lived together and conducted their business much the same as any other husband and wife. About September, 1923, the plaintiff and Mr. Shepherd traded the home of the plaintiff, valued at about $3,500, and the home of Mr. Shepherd, valued at $1,500, Mr. Shepherd paying $2,500 in cash, in order that they might have a better home. The title to this property was conveyed to both the husband and wife as an estate by the entirety. There was no advantage obtained by Mr. Shepherd any more than was obtained by Mrs. Shepherd. This was about six months after the alleged oral contract. After his death she had this home and provision was made in the will for payment to her of $800 per annum.

W. H. Shepherd was ill in May, 1923, and in June of that year he decided that he wanted to make a will. He went with Mrs. Shepherd to the office of Mr. Bauer, an attorney of good standing in Portland, and in her presence Mr. Shepherd told Mr. Bauer that he wanted a will made; that he wanted his ranch property, the farm, to go to his nephew, Mr. Allingham, and he also instructed Mr. Bauer to draw deeds conveying the farm land to W. D. Allingham. Mrs. Shepherd, when they approached the matter of annuity to her, excused herself and went into another room. Mr. Bauer testified to the effect that Mrs. Shepherd understood the arrangement in regard to making the will and the deeds. She also signed the deeds and the next day, after the will was drawn and Mr. Bauer took the instruments to the Shepherd home, Mrs. Shepherd procured a neighbor to act as a witness to Mr. Shep-

herd's will. No objection was made by her in any way to the execution of the will or the execution of the deeds to Mr. Allingham. Her conduct then was inconsistent with the claim that a contract existed at that time to the effect that Mr. Shepherd would not make a will. The deeds were left in escrow with Mr. Bauer to be delivered upon the death of Mr. Shepherd. In *Brennen v. Derby, supra,* we find the following language at page 579, which is applicable to this case:

"In our own jurisdiction, and in others as well, the principles of law that govern the decreeing of the specific performance of an oral contract made in the lifetime of a decedent to devise or convey his property have been declared over and over again. That each case of this character must be determined upon its own peculiar set of facts is a principle both apt and familiar. Before a court may exercise its discretionary power to decree specific performance of a contract, not only must the complaint come before it with proper allegations of fact, but such allegations must be supported by proof of the existence of a binding contract that is certain, definite, just, reasonable, and mutual in its obligations in all its parts. Moreover, the acts relied upon to remove the cause from the protection of the statute of frauds must be exclusively referable to the contract."

■ Appellant predicates error upon the admission of incompetent evidence. The admission of irrelevant or incompetent evidence in a suit tried by the court without a jury will not be considered upon appeal, as it is presumed that the court considered only competent evidence in deciding the case: *Lowell v. Pendleton Auto Co.,* 123 Or. 383, (261 P. 415).

The oral contract alleged in plaintiff's complaint, not being proven by testimony, the decree of the circuit court is affirmed.

CoShow, C. J., and Belt, J., concur.