Argued January 10; affirmed February 26, 1935

BOSE *v.* ALLINGHAM

(41 P. (2d) 449)

*Robert G. Smith,* of Portland (Frank E. Manning, of Portland, on the brief), for appellant.

*W. B. Shively,* of Portland (Henry Bauer, of Portland, on the brief), for respondent.

CAMPBELL, C. J. This is a suit growing out of the identical facts as those in *In re Matter of William H. Shepherd, deceased (Allingham v. Bose)*, this day decided.

Defendant herein as executor of the last will and testament of William H. Shepherd, deceased, filed his final account as such executor. To this account, plaintiff herein, the widow, a beneficiary under said will, filed certain objections on December 29, 1932. On December 31, 1932, evidently without a full hearing on said objections, the probate department of the circuit court for Multnomah county made an order settling and allowing said account. Thereafter on petition of the widow, the objections were taken up and heard, and on November 18, 1933, said court made an order vacating its order of December 31, 1932, settling and allowing said final account, and further ordered the executor to file another account therein.

While this proceeding was pending in the circuit court for Multnomah county, appellant as plaintiff

filed her complaint in the instant suit in the circuit court for Linn county, the county in which the real estate devised to defendant, under the said will, is situate, alleging substantially the same facts which were alleged in the objections to the final account in Multnomah county. She prayed for a decree fixing the amount that may be due her under the provisions of said will and that, in case it appears that the executor has dissipated said fund, the land devised to defendant be impressed with a trust in favor of plaintiff, and that said land be ordered sold or mortgaged to liquidate plaintiff's said claim, and asked that the deeds executed by the testator conveying said lands to defendant be declared void and canceled.

Before the cause came on for trial, the circuit court for Multnomah county made the aforesaid order of vacation and those facts were alleged in plaintiff's supplemental reply.

The allegations of the complaint were put at issue by an answer which denied the material allegations of the complaint and admitted all the facts relating to the will and the probate thereof. For a further and separate answer and defense, they plead in effect: The judgment in the cause of *Shepherd v. Allingham,* 132 Or. 684 (288 P. 210), and that the same deeds sought to be declared void in the instant suit were the ones involved in that cause.

Upon trial the circuit court entered a decree for defendant.

The instant suit, and *In re the Matter of Shepherd's Estate,* this day decided, were consolidated for argument in this court. The decision of *In re the Matter of Shepherd's Estate,* ante p. 15, disposes of all the contentions made in the instant suit.

The record discloses that, at the time the instant suit was filed and tried, the same matters, attempted to be litigated herein, were still in litigation in another suit then pending in Multnomah county, *In re the Matter of Shepherd's Estate.*

The decree of the lower court will be affirmed without costs to either party. It is so ordered.

BEAN, BAILEY and RAND, JJ., concur.